IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THORCO, INC.,<br><br>Debtor.<br><br>DENNIS THORNTON,<br><br>Plaintiff-Appellant,<br><br>vs.<br><br>CHRISTY BRANDON, Chapter 7<br>Trustee, et al.,<br><br>Defendant-Appellees. | CV 25–219–M–DWM<br><br><br>ORDER |

On December 23, 2025, Plaintiff-Appellant Dennis Thornton and Rick

Breckenridge each appealed two orders in a Chapter 7 bankruptcy proceeding that,

*inter alia*, impose pre-filing requirements and monetary sanctions against Thornton

for his "unrelenting campaign of vexatious litigation." (Docs. 1, 4, 5, 6; 9:22-bk-

90119-WLH (Bnkr. D. Mont. 2022),[1] Doc. 673 (Dec. 5, 2025) ("Sanctions

---

[1] Filings in the underlying bankruptcy proceedings are cited as: "Bnkr. [Docket No.]."

1

Order")[2]; Doc. 677 (Dec. 10, 2025) ("Pre-Filing Order").)  On January 5, 2026, John Sheldon and Hershel Walker appealed the Sanctions Order, (Docs. 11, 12), and Walker also appealed the Pre-Filing Order, (Doc. 13).  Breckenridge, Sheldon, and Walker are equity security holders in Thorco.  (Bnkr. Doc. 15 at 28–29.)

This is Thornton's final of four appeals from the same underlying bankruptcy proceeding before this Court.  Thornton's first appeal was dismissed, and monetary sanctions were imposed against him for the frivolousness of his appeal.  (*Thornton v. Brandon*, 9:24-cv-00160-DWM, Doc. 61 (finding Thornton's conduct to constitute abusive litigation), Doc. 72 (awarding attorney fees and costs).)  Thornton's second appeal was also dismissed.  (*Thornton v. Brandon*, 9:25-cv-0078-DWM, Doc. 17.)  In Thornton's third appeal, the Bankruptcy Court's Order designating Thornton a vexatious litigant ("Vexatious Litigant Order") was dismissed.  (*Thornton v. Whitefish Credit Union*, 9:25-cv-0054-DWM, Doc. 17.)

## BACKGROUND

Because a complete background of the underlying facts is provided in the Court's August 12, 2025 Order in a related appeal, (*Thornton v. Brandon*, 9:24-cv-00160-DWM, Doc. 61), and the facts specific to the Bankruptcy Court's Vexatious Litigant Order are provided in the Court's April 27, 2026 Order in another related

---

[2] Two of Thornton's Notices of Appeal, (Docs. 1, 4,) appeal the same Bankruptcy Court Order, (Doc. 673).

2

appeal, (*Thornton v. Whitefish Credit Union*, 9:25-cv-0054-DWM, Doc. 17), they are not restated here.  Specific facts that are relevant to the issues here are included below.

In its Sanctions Order and Pre-Filing Order, the Bankruptcy Court explained that Thornton's vexatious litigation tactics were "previously described in" the Vexatious Litigant Order.  (Bnkr. Docs. 673, 677 (citing Bnkr. Doc. 509)). However, the Bankruptcy Court highlighted that such tactics now also "includ[e] numerous filings that appear to be prepared a least in part using generative AI and that contained inappropriate 'hallucinated' citations."  (Bnkr. Doc. 677 at 1; *see* Bnkr. Doc. 673 at 1.)

### ANALYSIS

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, Appellees move to dismiss the appeals of Thornton, Breckenridge, Sheldon, and Walker for their failures to timely file a designation of the record and statement of issues. (Doc. 10 at 3; Doc. 24 at 3.)  Of the four appellants, only Thornton responded. (Doc. 17.)  Because Breckenridge, Sheldon, and Walker lack prudential standing, their appeals are dismissed.  Because Thornton appeals two interlocutory orders, his Notices of Appeal are treated as motions for leave to appeal under Rule 8004(d)(1), and they are denied.

## I.    Breckenridge, Sheldon, and Walker

Bankruptcy cases have a specific "prudential standing requirement." *In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999). To appeal a bankruptcy order "[t]he appellant must be a 'person aggrieved' by the bankruptcy court's order." *Id.* "An appellant is aggrieved if directly and adversely affected pecuniarily by an order of the bankruptcy court; in other words, the order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights." *Id.* (internal quotation marks omitted).

Breckenridge, Sheldon, and Walker are equity security holders in Thorco, (Bnkr. Doc. 15 at 28–29), who lack prudential standing to appeal the Sanctions Order, (Bnkr. Doc. 673), or the Pre-Filing Order, (Bnkr. Doc. 677). The Sanctions Order requires Thornton to pay Appellees specific amounts in monetary sanctions. (Bnkr. Doc. 673 at 2.) The Pre-Filing Order imposes prefiling limitations on Thornton. (Bnkr. Doc. 677 at 1–2.) These orders do not diminish Breckenridge's, Sheldon's, or Walker's property, increase their burdens, or detrimentally affect their rights. Thus, they are not "aggrieved" by these orders. *See In re P.R.T.C., Inc.*, 177 F.3d at 777–78. Because they lack standing, the appeals of Breckenridge, Sheldon, and Walker are dismissed. *See Matter of Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983) (dismissing an appeal where the "appellant lack[ed prudential] standing to bring" it).

## II.    Thornton

This Court has appellate jurisdiction over the appeal from the United States Bankruptcy Court pursuant to 28 U.S.C. § 1291. A district court "shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1). But pre-filing orders and sanctions orders against vexatious litigant orders are interlocutory orders. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir. 2007) (explaining that an "order imposing sanctions on a party is not appealable before the entry of final judgment" and holding that "pre-filing orders entered against vexatious litigants are . . . not immediately appealable"); *In re Koshkalda*, 622 B.R. 749, 757 (9th Cir. BAP 2020) (citing *Molski* and explaining that, in bankruptcy cases, pre-filing orders are not final and appealable until judgment is entered concluding the litigation).

Thus, the Sanctions Order and Pre-Filing Order may not be appealed as a matter of right pursuant to Section 158(a)(1). A district court only has jurisdiction to hear appeals from interlocutory orders "with leave of the court." 28 U.S.C. § 158(a)(3). Consistently, Rule 8004 of the Federal Rules of Bankruptcy Procedure requires that an appeal under Section 158(a)(3) of a bankruptcy court's interlocutory order "be accompanied by a motion for leave to appeal." Fed. R. Bnkr. P. 8004(a)(2). No such motion was filed here. (*See* Docs. 1, 4.) In the

5

absence of such a motion, a district court may "treat the notice of appeal as a motion for leave to appeal and grant or deny it." Fed. R. Bnkr. P. 8004(d)(1); *Official Comm. v. Cred. Lyonnais Bank Nederland*, 167 B.R. 176, 180 (B.A.P. 9th Cir. 1994). Thornton's Notices of Appeal are treated as motions for leave to appeal under Rule 8004(d)(1) and are denied.

The determination of whether to grant leave to appeal is discretionary. *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995). To make such a determination, courts "looks to the standards set forth in 28 U.S.C. § 1292(b), which concerns the taking of interlocutory appeals from the district court to the court of appeals." *Id.* Consistently, "[l]eave to appeal an interlocutory order is appropriate where (1) there is a controlling question of law, (2) as to which a substantial ground for a difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate termination of the litigation." *Ad Hoc Comm. of Holders of Trade Claims v. PG&E Corp.*, 614 B.R. 344, 351 (N.D. Cal. 2020). "[A] question of law is 'controlling' if its resolution on appeal could 'materially affect the outcome of the litigation in district court.'" *Id.* (quoting *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)). "[S]ubstantial grounds for a difference of opinion on a legal question are generally found to exist where (1) the relevant circuit court has not spoken on the point and other circuits are in dispute, (2) complicated questions of foreign law are involved,

6

or (3) the issue presents novel and difficult questions of first impression." *Id.* at 352.

A controlling question of law as to which a substantial ground for a difference in opinion does not exist here. Moreover, whether the imposition of pre-filing requirements and attendant monetary sanctions was appropriate does not present questions of law that would materially affect the outcome of the underlying bankruptcy proceeding. The requirements to impose such sanctions are clear in this Circuit.[3] *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990) (explaining the requisite factors to impose a vexatious litigant sanction); *Molski*, 500 F.3d at 1057 (applying the *De Long* factors). Nor does the appeal present questions of foreign law or novel and difficult questions of first impression. Accordingly, construing Thornton's Notices of Appeal as a motions for leave to appeal under Rule 8004(d)(1), they are denied.

## III.    Attorney Fees and Costs

---

[3] *Compare* Vexation Litigation Order, (Bnkr. Doc. 509 at 6, 6 n.24 (sanctioning Thornton through its "inherent power" because "it lacks the authority to award [28 U.S.C. §] 1927 sanctions) *with Inst. for Motivational Living, Inc. v. Doulos Inst. for Strategic Consulting, Inc.*, 110 Fed. Appx. 283, 286–87 (3d Cir. Oct. 5, 2004) (explaining that while the circuits are split on whether a court may sanction a pro se litigants under § 1927, the court may award "identical sanction" under its inherent authority) (collecting cases).

Appellees request monetary sanctions in the form of an award of attorney fees and costs against appellants for having brought "a frivolous appeal." (Doc. 22 at 3 (citing *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990)). Such a sanctions award is discretionary, *id.*, and requires a determination of frivolousness, Bnkr. R. Fed. P. 8020(a); *Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1137 (9th Cir. 1984) ("An appeal is frivolous if the result is obvious or if the claims of error are wholly without merit."). Such sanction is not appropriate here.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Appellees' motion to dismiss, (Docs. 10, 24), are GRANTED. Appellant Breckenridge's motion for leave, (Doc. 18), is DENIED as MOOT. Appellant Thornton's motion for leave, (Doc. 20), is DENIED as MOOT. The Clerk of Court is directed to enter judgment consistent with this Order.

DATED this 27ᵈ day of April, 2026.

Donald W. Molloy, District Judge
United States District Court

8